SUMMARY ORDER

Jose Ramon Hernandez-Sanehez appeals from a judgment of conviction entered on May 14, 2007 by the United States District Court for the District of Vermont (Sessions, C.J.). Hernandez-Sanehez was convicted under 8 U.S.C. § 1324(a)(l)(A)(ii), which punishes any person who “knowing or in reckless disregard of the fact that an alien has come to, entered, or remains in the United States in violation of law, transports, or moves or attempts to transport or move such alien within the United States by means of transportation or otherwise, in furtherance of such violation of law.”
Hernandez-Sanehez (A) challenges as an abuse of discretion the district court’s admission of two pieces of evidence, which, together, indicate that his companion’s cellular phone was used to place a call to a known alien smuggler, and (B) argues that the evidence was insufficient to support his conviction. We assume the parties’ familiarity with the underlying facts, the procedural history, and the issues on appeal.
[A] Evidentiary Rulings
Hernandez-Sanehez challenges admission of (1) his companion’s cell phone log, and (2) testimony identifying a number on that log as belonging to a known alien smuggler. Hernandez-Sanehez argues that both were irrelevant and inadmissible under Federal Rule of Evidence 401. Not so. The phone records and testimony tended to show that Hernandez-Sanchez either knew or recklessly disregarded the fact that the aliens he transported were present illegally. Together with handwritten instructions recovered from Hernandez-Sanchez’s rental car, that evidence indicated that Hernandez-Sanchez and his companion were supposed to call a known alien smuggler as they approached their destination at the Canadian border.
In the alternative, Hernandez-Sanehez argues that any relevance was outweighed by the evidence’s prejudicial effect because it “suggested] that he was somehow involved in the alien smuggling arrangements.” But evidence suggesting a deeper involvement in the scheme than that charged by the government makes the evidence more probative as well as more prejudicial, which does not much alter the balance. We conclude that the district court acted within its sound discretion in admitting the evidence.
[B] Sufficiency
A defendant bears a heavy burden when challenging the sufficiency of the evidence. We will not disturb the verdict if “any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.” United States v. Jackson, 335 F.3d 170, 180 (2d Cir.2003). The verdict may rest entirely on circumstantial evidence. United States v. Martinez, 54 F.3d 1040, 1043 (2d Cir.1995).
Hernandez-Sanehez contends that the evidence established neither that he “knew, or acted in reckless disregard of the fact, that the [transported] person[s] [were] ... alien[s] who had come to, entered, or remained in the United States in violation of the law,” nor that he “acted *310 willfully in furtherance of the alien[s’] violation of law.” See Sand et al., Modem Federal Jury Instructions, ¶ 33A.02. But the jury heard evidence that (1) the area where Hernandez-Sanchez picked up the aliens is commonly used to smuggle people across the Canadian border; (2) Hernandez-Sanchez specifically requested a large car from the rental agency and paid $300 for a sport utility vehicle even though he owned a sport utility vehicle;[1] (3) police recovered from the rental car a map of Vermont on which was highlighted a route to Hernandez-Sanchez’s destination using back roads; and (4) either Hernandez-Sanchez or his companion called a known alien smuggler’s phone number minutes before the pickup. The jury additionally heard the testimony of one of the illegal aliens that (a) he paid $3000 to be smuggled into the United States, (b) his smugglers took him into the woods of Vermont, (c) the smugglers directed him and three other aliens to board Hernandez-Sanchez’s car, (d) the smuggler who guided the aliens through the woods approached the driver’s side window as the aliens boarded the car, and (e) the witness noticed no reaction from Hernandez-Sanchez when he and the other illegal aliens boarded the car. This evidence more than sufficed to allow a rational trier of fact to find beyond a reasonable doubt both that Hernandez-Sanchez willfully acted so as to further the illegal aliens’ violation of law and that Hernandez-Sanchez knew (or recklessly disregarded the fact) that the aliens getting into his car were in the United States illegally.
We have considered Hernandez-Sanchez’s remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is AFFIRMED.

. The jury heard from an expert on alien smuggling operations that alien smugglers prefer to use rented cars so as to avoid forfeiting their own vehicles in the event they are caught.